**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiffs and Class*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN R. SKEELS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PIEDMONT LITHIUM INC., KEITH D. PHILLIPS, BRUCE CZACHOR, and GREGORY SWAN,<br><br>Defendants. | **CASE No.: 1:21-cv-04161-LDH-PK**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CONNIE AND DAVID ROBINSON TO APPOINT LEAD PLAINTIFFS AND APPROVE LEAD PLAINTIFFS' SELECTION OF COUNSEL**<br><br>**CLASS ACTION**<br><br>September 21, 2021 |

**TABLE OF CONENTS**

CLASS ACTION..........................................................................................................................1

INTRODUCTION AND BACKGROUND.............................................................................1

ARGUMENT.............................................................................................................................2

    I.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS...............................2

        A.    Movants Are Willing to Serve as Class Representatives ..........................................3

        B.    Movants Have the Largest Financial Interest in the Action ....................................3

        C.    Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure ......4

            1.    Movants' Claims are Typical ..............................................................................4

            2.    Movants Are Adequate ........................................................................................5

        D.    Movants Are Presumptively the Most Adequate Plaintiffs.......................................5

    II.    MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED ................6

CONCLUSION ........................................................................................................................7

i

# TABLE OF AUTHORITIES

**Pages**

## Other Authorities

*In re Bally Total Fitness*, *Sec. Litig.*,
2005 WL 627960 (N.D. Ill. Mar. 15, 2005) ................................................................................ 4

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) .................................................................................................... 5

*In re Fuwei Films Sec. Litig.*,
247 F.R.D. 432 (S.D.N.Y. 2008) .......................................................................................... 3, 4

*In re Livent, Inc. Noteholders Sec. Litig.*,
210 F.R.D. 512 (S.D.N.Y. 2002) ............................................................................................ 5

*In re Olsten Corp. Sec. Litig.*,
3 F.Supp.2d 286 (E.D.N.Y. 1998) .......................................................................................... 3

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) .............................................................................................. 4

*Lax v. Merch. Acceptance Corp.*,
1997 WL 461036 (N.D. Ill. Aug. 11, 1997) ........................................................................... 3

*Takara Tr. v. Molex Inc.*,
229 F.R.D. 577 (N.D. Ill. 2005) ............................................................................................. 3

## Statutes

15 U.S.C. § 78u-4(a)(3)(B) .............................................................................................. 2, 3, 6

## Rules

Fed. R. Civ. P. 23 ............................................................................................................... 3, 4, 5

Movants Connie and David Robinson ("Movants") respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing Movants as Lead Plaintiffs for the class of all persons and entities other than Defendants (defined below) that purchased or otherwise acquired the securities of Piedmont Lithium Inc. f/k/a Piedmont Lithium Limited ("Piedmont" or the "Company") between March 16, 2018 and July 19, 2021, both dates inclusive (the "Class Period"); and

(b)     approving Movants' selection of The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

This action was commenced on July 23, 2021 against Piedmont, Keith D. Phillips, Bruce Czachor, and Gregory Swan ("Defendants") for violations under the Exchange Act. That same day, Rosen Law issued an early notice pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff. *See* Ex. 1 hereto.

Defendant Piedmont engages in the exploration and development of resource projects. Of particular note, the Company primarily holds a 100% interest in a lithium project covering 2,322 acres in the North Carolina. Defendant Piedmont is incorporated in Delaware and maintains its principal executive offices at 32N Main Street Suite 100 Belmont, NC. Piedmont shares are listed on the NASDAQ under the ticker symbol "PLL." Until December 2018, Piedmont American Depository Shares ("ADSs") were listed on the NASDAQ under the ticker symbol "PLLL." On May 17, 2021, in connection with Piedmont's redomiciliation from Australia to the United States, Piedmont's ADS holders received one share of Piedmont common stock for each ADS.

1

The complaint alleges that during the Class Period, Defendants made false and misleading statements and/or failed to disclose that: (1) Piedmont has not, and would not, follow its stated steps or timeline to secure all proper and necessary permits; (2) Piedmont failed to inform relevant people and governmental authorities of its actual plans; (3) Piedmont failed to file proper applications with relevant governmental authorities (including state and local authorities); (4) Piedmont and its lithium business does not have "strong local government support"; and (5) as a result, Defendants' public statements were materially false and/or misleading at all relevant times.

On July 20, 2021, before market hours, Reuters published an article entitled "In push to supply Tesla, Piedmont Lithium irks North Carolina neighbors" which reported the Company's regulatory issues in North Carolina.

On this news, Piedmont shares fell $12.56 per share over the trading day, or nearly 20%, to close at $50.52 per share on July 20, 2021, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movants and other Class members have suffered significant losses and damages.

## ARGUMENT

### I.    MOVANTS SHOULD BE APPOINTED LEAD PLAINTIFFS

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group that:

2

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movants satisfy all three of these criteria, and thus are entitled to the presumption of being the "most adequate plaintiff" for the Class.

## A. Movants Are Willing to Serve as Class Representatives

Movants have filed herewith PSLRA certifications attesting that they are willing to serve as representatives of the class and remains willing to provide testimony at deposition and trial, if necessary. *See* Ex. 2 hereto.  Accordingly, Movants satisfy the first requirement to serve as Lead Plaintiffs for the Class.

## B. Movants Have the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff… is the person or group of persons that… has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Tr. v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax*/*Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig*., 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movants lost $17,956.82 in connection with their purchases of Piedmont securities. *See* Ex. 3 hereto. Movants are not aware of any other movant that has suffered greater losses in Piedmont securities during the Class Period. Accordingly, Movants satisfy the largest financial interest requirement to be appointed as Lead Plaintiffs for the class.

### C. Movants Satisfy the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1. Movants' Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and

plaintiff's claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movants' claims are typical of the claims asserted by the Class. Movants, like all members of the Class, allege that Defendants violated the Exchange Act by issuing false and misleading statements about Piedmont's business. Movants' interests are closely aligned with the other Class members' and Movants' interests are, therefore, typical of the other members of the Class.

### 2.    Movants Are Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001).

Movants are retired and reside in Mississippi. Prior to retiring, Movants both worked in the custom family home business. Movants have been investing for over 40 years. Movants have communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiffs. Movants are not aware that any conflict exists between their claims and those asserted on behalf of the Class. Movants also sustained substantial financial losses from investments in Piedmont securities and are, therefore, extremely motivated to pursue claims in this action.

### D.  Movants Are Presumptively the Most Adequate Plaintiffs

The presumption in favor of appointing Movants as Lead Plaintiffs may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movants are the most adequate Lead Plaintiffs are not, therefore, subject to rebuttal. Accordingly, Movants have suffered financial losses and have the largest financial interest in this case of any timely lead plaintiff. The ability of Movants to represent the Class fairly and adequately is discussed above. Movants are not aware of any unique defenses Defendants could raise against them that would render Movants inadequate to represent the Class.

## II.    MOVANTS' SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movants have selected Rosen Law as Lead Counsel. The firm has been actively researching Movants' and Class Plaintiffs' claims, including filing the complaint in this action, as well as reviewing publicly available financial and other documents while gathering information in support of the claims against Defendants. Furthermore, the firm has an extensive history of bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Ex. 4 hereto. The firm has prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movants' counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movants' selection of Lead Counsel, the members of the class will receive the best legal representation available.

**CONCLUSION**

For the foregoing reasons, Movants respectfully request the Court issue an Order: (1) appointing Movants as Lead Plaintiffs of the Class; (2) approving Movants' selection of Rosen Law as Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: September 21, 2021

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiffs
and Class*

7

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim

8