UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN R. SKEELS, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>    v.<br><br>PIEDMONT LITHIUM INC., KEITH D. PHILLIPS, BRUCE CZACHOR, and GREGORY SWAN,<br><br>                              Defendants. | Case No. 1:21-cv-04161-LDH-PK<br><br>CLASS ACTION<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT FENG XIAO AS LEAD PLAINTIFF AND APPROVE THE SELECTION OF LEAD COUNSEL** |

**TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................................................1

II.   FACTUAL BACKGROUND ..........................................................................................2

III.  ARGUMENT .....................................................................................................................3

      A.    Movant Should Be Appointed Lead Plaintiff ..........................................................3

           1.    Movant's Motion Is Timely ...........................................................................3

           2.    Movant Has The Largest Financial Interest In The Relief Sought By The Class ...........................................................................................................4

           3.    Movant Satisfies The Requirements Of Rule 23 ........................................4

      B.    The Court Should Approve Movant's Selection of Counsel ..................................5

IV.   CONCLUSION ..................................................................................................................6

## TABLE OF AUTHORITIES

**Page(s)**

### Federal Cases

*Atanasio v. Tenaris S.A.*,
   331 F.R.D. 21 (E.D.N.Y. 2019) ........................................................................................5

*Bensley v. FalconStor Software, Inc.*,
   277 F.R.D. 231 (E.D.N.Y. 2011) ......................................................................................4

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
   2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ...................................................................4

*In re Gentiva Sec. Litig.*,
   281 F.R.D. 108 (E.D.N.Y. 2012) ......................................................................................5

### Federal Statutes

15 U.S.C. § 78u-4 *et seq.* ............................................................................................ *passim*

15 U.S.C. § 78u-4(a)(3)(A) ...............................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................................3

15 U.S.C. § 78u-4(a)(3)(B)(ii) ...........................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii) ..........................................................................................1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ...................................................................................1, 3

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ...............................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(v) ...........................................................................................5

### Other Authorities

Fed. R. Civ. P. 23 .........................................................................................................1, 3, 4

Fed. R. Civ. P. 23(a)(4) .....................................................................................................5

## I.    INTRODUCTION

This action alleges that Piedmont Lithium Inc. ("Piedmont Lithium," "PLL," or the "Company") and certain of its officers made materially false and misleading statements in violation of the Securities Exchange Act of 1934. Specifically, the actions allege Defendants made misrepresentations and omissions concerning its plan to build a large lithium mine in Gaston County, North Carolina. As a result of Defendants' false and misleading statements, investors, including movant Feng Xiao ("Movant"), suffered significant harm.

Next, pursuant to the PSLRA, the Court is to appoint "the most adequate plaintiff as lead plaintiff for the consolidated actions." 15 U.S.C. § 78u-4(a)(3)(B)(ii). In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the class in this litigation and whether that movant has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Movant respectfully submits that he is the "most adequate plaintiff" under the PSLRA's analysis and should be appointed Lead Plaintiff. Movant believes he has the largest financial interest in the above-captioned actions by virtue of his substantial investments in PLL securities during the alleged class period. *See* Certification and Loss Chart, Declaration of Lucas E. Gilmore ("Gilmore Decl."), Exhibits ("Ex.") A and B, submitted herewith; *see also* 15 U.S.C. § 78u-4(a)(3)(B)(iii). Specifically, Movant purchased a total 3,000 PLL securities and suffered $37,528 in losses during the alleged Class Period (March 16, 2018 through July 19, 2021).

In addition to asserting the largest financial interest in this litigation, Movant also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class. Movant, a small business owner and law student based in Weston, Florida, is a sophisticated retail investor with over 10

1

years investment experience. *See* Gilmore Decl., Ex. C at ¶ 2. Further, Movant understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action. *Id.* at ¶¶ 4-5.

Movant has also demonstrated his adequacy through his selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as proposed Lead Counsel for the Class. Hagens Berman is a nationally recognized securities class action firm with a track record in obtaining substantial recoveries on behalf of harmed investors. *See* Gilmore Decl., Ex. D at 31. Hagens Berman is qualified to prosecute this case and has extensive experience in securities fraud litigation, all of which will benefit the Class.

Accordingly, based on Movant's significant financial interest and his commitment to oversee this action, Movant respectfully requests the Court appoint him as Lead Plaintiff.

## II.     FACTUAL BACKGROUND

Defendant Piedmont Lithium engages in the exploration and development of resource projects. Of particular note, the Company primarily holds a 100% interest in a lithium project covering 2,322 acres in Gaston County, North Carolina.

The complaint alleges that Defendants misrepresented and concealed material information concerning Piedmont Lithium's progress toward obtaining necessary permits and zoning variances to build a large lithium mine in Gaston County, North Carolina.

Specifically, Defendants misrepresented and failed to disclose that Piedmont Lithium: (1) has not, and would not, follow its stated steps or timeline to secure all proper and necessary permits, (2) did not inform relevant government authorities of its actual plans, (3) did not file proper applications with state and local authorities, and (4) did not have "strong local government support."

On July 20, 2021, the truth emerged when *Reuters* reported that (1) Piedmont Lithium had not even applied for the necessary mining permit or zoning variances, (2) five of the seven members of the Gaston County's board of commissioners, who control zoning changes, say they may block or delay the project because Piedmont Lithium has not told them what levels of dust, noise and vibrations will occur, nor how water and air quality would be affected, and (3) the relationship between the company and county officials is increasingly strained.

On this news, Piedmont Lithium shares fell $12.56 per share over the trading day, or nearly 20%, to close at $50.52 per share on July 20, 2021, damaging investors.

As a result of Defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Movant Should Be Appointed Lead Plaintiff

Movant should be appointed Lead Plaintiff because he is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA sets forth the procedure for selecting the Lead Plaintiff in class actions arising under the federal securities laws and provides a presumption in favor of the movant with the "largest financial interest" in the relief sought by the Class and that satisfies the relevant requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). As set forth below, Movant believes he is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

#### 1.    Movant's Motion Is Timely

Under the PSLRA, any class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). The notice published in this action on July 23, 2021

3

advised class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff by the lead plaintiff deadline. *See* Published Notice, Gilmore Decl., Ex. E. Because Movant filed the motion within sixty days of publication of the notice of action, the motion is timely.

### 2.    Movant Has The Largest Financial Interest In The Relief Sought By The Class

To determine which movant has the largest financial interest, the Court is to consider: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Bensley v. FalconStor Software, Inc.*, 277 F.R.D. 231, 234 (E.D.N.Y. 2011) (internal quotations and citations omitted).

During the Class Period, Movant expended $205,320 purchasing 3,000 PLL shares on NASDAQ during the Class Period at the artificially inflated prices and suffered total losses of $37,528. *See* Gilmore Decl., Exs. A and B. To the best of Movant's counsel's knowledge, there is no other movant with a larger financial interest. Therefore, Movant satisfies the PSLRA's prerequisite of having the largest financial interest in the relief sought by the Class.

### 3.    Movant Satisfies The Requirements Of Rule 23

In addition to possessing a significant financial interest, Movant "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "As for satisfying the requirements of Fed. R. Civ. P. 23, at this stage of the litigation, the moving plaintiff is only required to make a preliminary showing that the adequacy and typicality requirements have been met." *See In re Blue Apron Holdings, Inc. Sec. Litig.*, 2017 WL 6403513, at *3 (E.D.N.Y. Dec. 15, 2017).

"Typicality is satisfied where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability." *Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 29 (E.D.N.Y. 2019). Movant satisfies this requirement because, just like all other proposed class members, Movant seeks to assert claims and recover damages arising from Defendants' misrepresentations and omissions during the Class Period.

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 112 (E.D.N.Y. 2012).

As set forth in greater detail below, Movant has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action. There is no evidence of antagonism or conflict between Movant's interests and the interests of the Class. Finally, Movant, a Weston, Florida-based IT business owner and law student, has the sophistication and interest to ensure this case is vigorously prosecuted. *See* Gilmore Decl., Ex. C at ¶¶ 2-5. Moreover, Movant has submitted a signed Certification and declaration stating his commitment to protecting the interests of the Class, and the significant losses he has incurred demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous prosecution of the litigation. *See* Gilmore Decl., Exs. A-C.

**B.     The Court Should Approve Movant's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). This Court should not disturb the lead

plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Hagens Berman to serve as Lead Counsel for the proposed Class. Hagens Berman has previously been appointed as lead counsel and has a demonstrated ability to work in an efficient fashion in the class's best interests. *See* Hagens Berman Firm Résumé, Gilmore Decl., Ex. D. Hagens Berman is one of the country's leading securities litigation firms, advising clients in both individual and class-action cases. *See* Ex. D at page 31. Hagens Berman is currently serving as Lead Counsel or Co-lead Counsel in several high-profile securities class actions. *See* Ex. D at page 32. Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (3) approve Movant's selection of Hagens Berman to serve as Lead Counsel for the putative Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: September 21, 2021                Respectfully Submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By ___ */s/ Nathaniel A. Tarnor* _____
     NATHANIEL A. TARNOR

322 8th Avenue, Suite 802
New York, NY 10001
Telephone: (212) 752-5455
Facsimile:  (917) 210-3980
nathant@hbsslaw.com

Reed R. Kathrein
Lucas E. Gilmore
HAGENS BERMAN SOBOL SHAPIRO LLP

6

715 Hearst Avenue, Suite 202
Berkeley, CA  94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
reed@hbsslaw.com
lucasg@hbsslaw.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA  98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
steve@hbsslaw.com

*Counsel for [Proposed] Lead Plaintiff
Feng Xiao*

7

**CERTIFICATE OF SERVICE**

I hereby certify that I am the ECF User whose ID and password are being used to electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses registered, as denoted on the Electronic Mail Notice List, and I hereby certify that I have caused to be mailed a paper copy of the foregoing document via the United States Postal Service to the non-CM/ECF participants indicated on the Manual Notice List generated by the CM/ECF system.

*/s/ Nathaniel A. Tarnor*
NATHANIEL A. TARNOR

8