**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| JOHN R. SKEELS, Individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br><br> PIEDMONT LITHIUM, INC., KEITH D. PHILLIPS, BRUCE CZACHOR and GREGORY SWAN, <br><br> Defendants. | 1:21-cv-04161-LDH-PK <br><br> <u>CLASS ACTION</u> <br><br> Hon. LaShann DeArcy Hall |

**MEMORANDUM OF LAW IN SUPPORT OF TERENCE MOSS'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

SUMMARY OF ALLEGATIONS ........................................................................................... 2

ARGUMENT ........................................................................................................................... 3

    I.    THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF ....................... 3

        A.    The Procedure Required by the PSLRA ........................................................... 3

        B.    Movant is the Most Adequate Plaintiff ............................................................ 4

            1.    Movant's Motion is Timely ......................................................................... 4

            2.    Movant Believes That He Has the Largest Financial Interest in the Relief Sought by the Class ...................................................................... 5

            3.    Movant Meets the Requirements of Fed. R. Civ. P. 23 ............................... 5

    II.    THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL ................. 7

CONCLUSION ........................................................................................................................ 8

Terence Moss ("Movant") respectfully submits this memorandum of law in support of his motion for:

(a) appointment as Lead Plaintiff, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(b) approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as Lead Counsel for the litigation.

## PRELIMINARY STATEMENT

Presently pending in this District is the above-captioned securities class action lawsuit (the "Action"), which alleges violations of the Exchange Act against Defendants. This action is brought on behalf of all persons or entities (the "Class") that purchased or otherwise acquired the securities of Piedmont Lithium, Inc. ("Piedmont" or the "Company") between March 16, 2018 and July 19, 2021 (the "Class Period").

Under the PSLRA, class action complaints alleging violations of the Exchange Act trigger statutory requirements for selecting the most adequate plaintiff to lead the action (the "Lead Plaintiff"). The presumptive lead plaintiff is the movant that has both the largest financial interest in the litigation and has made a *prima facie* showing that it is a typical and adequate class representative under Rule 23 of the Federal Rules of Civil Procedure.

As set forth more fully herein, Movant satisfies these requirements and should be appointed as lead plaintiff. Movant is a retired accountant residing in the United Kingdom with over 40 years of investing experience. Movant lost $51,558.11 on his transactions in Piedmont securities. Movant believes that his loss constitutes the largest interest in the litigation and that his substantial financial interest will ensure his vigorous prosecution of the Class's claims. Movant also satisfies Federal Rules 23(a)(3) and (a)(4), as his claims are typical of the claims of the Class, he has no

interests that are antagonistic to the Class, and he will fairly and adequately represent the interests of the Class. Additionally, Movant has selected experienced and qualified counsel that can adequately represent the Class here.

Accordingly, for the reasons discussed below, Movant respectfully requests that the Court grant his motion to be appointed as Lead Plaintiff and to approve his selection of Bernstein Liebhard as Lead Counsel.

## SUMMARY OF ALLEGATIONS

Piedmont is an integrated lithium business based primarily out of North Carolina and aims to supply lithium products to companies like Tesla Inc.

The complaint alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose that: (1) Piedmont has not, and would not, follow its stated steps or timeline to secure all proper and necessary permits; (2) Piedmont failed to inform relevant people and governmental authorities of its actual plans; (3) Piedmont failed to file the proper applications with the relevant governmental authorities (including state and local authorities); and (4) as a result, defendants' public statements were materially false and/or misleading at all relevant times.

From 2018 onwards, Piedmont issued press releases that touted the "strong local government support" the Company had received as well as its receipt of various necessary governmental permits, and its steps to further remain in government compliance.

On July 20, 2021, before the market opened, *Reuters* published an article entitled "In push to supply Tesla, Piedmont Lithium irks North Carolina neighbors," which revealed that the Company had not applied for a state mining permit or the necessary zoning variances in the area, even though it had informed investors it was doing so since 2018.  On this news, Piedmont shares

00640652;V3                                          2

fell $12.56 per share, or nearly 20%, to close at $50.52 on July 20, 2021, thereby damaging investors.

**ARGUMENT**

**I.      THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF**

**A.      The Procedure Required by the PSLRA**

The PSLRA establishes a straightforward sequential procedure for selecting a Lead Plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and (a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish a notice (the "Early Notice") to the class within 20 days of filing the action informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as Lead Plaintiff within 60 days after publication of the Early Notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Second, the PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by putative class members in response to an Early Notice by the later of: (i) 90 days after publication of the Early Notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). Finally, in considering any motion to serve as Lead Plaintiff, the Court "shall appoint as lead plaintiff" the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" is the person that:

i)      has either filed the complaint or made a motion in response to an Early Notice;

ii)     in the determination of the court, has the largest financial interest in the relief sought by the class; and

iii)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

This presumption "may be rebutted only upon proof" by a putative class member that the presumptively most adequate plaintiff: (1) "will not fairly and adequately protect the interests of the class"; or (2) "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth *infra*, Movant meets the foregoing criteria, and therefore is entitled to the presumption of being the "most adequate plaintiff" of the Class.

### B.    Movant is the Most Adequate Plaintiff

Movant respectfully submits that he is presumptively the "most adequate plaintiff" because he has made a motion in response to an Early Notice, believes that he has the largest financial interest in the relief sought by the Class, and otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

### 1.    Movant's Motion is Timely

On July 23, 2021, The Rosen Law Firm published the Early Notice via *Business Wire*. *See* Declaration of Laurence J. Hasson ("Hasson Decl."), Ex. A.  Accordingly, putative class members had until September 21, 2021 to file their lead plaintiff motions. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").

Movant has timely filed his motion in response to the Early Notice. Additionally, he has filed a sworn certification, pursuant to 15 U.S.C. § 78u-4(a)(2)(A), attesting to his review of the complaint in the Action and his willingness to serve as a representative of the Class, including providing testimony at deposition and trial, if necessary. *See* Hasson Decl., Ex. B. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

00640652;V3                                                4

**2.     Movant Believes That He Has the Largest Financial Interest in the Relief Sought by the Class**

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" is the plaintiff or movant with "the largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant suffered a substantial loss of $51,558.11 in connection with his transactions in Piedmont securities. *See* Hasson Decl., Ex. C. Movant is not aware of any other movant that has a greater financial interest than him in this litigation. Accordingly, Movant believes that he has the largest financial interest in this litigation.

**3.     Movant Meets the Requirements of Fed. R. Civ. P. 23**

"At this stage of the litigation, in determining whether a movant is the presumptive lead plaintiff under the PSLRA, only a *prima facie* showing that the requirements of Rule 23 are met is necessary." *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015) (emphasis in original). Movant satisfies the adequacy and typicality requirements of Rule 23 of the Federal Rules of Civil Procedure, which are "the only [Rule 23] provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*

**i.     Movant's Claims Are Typical of Those of the Class**

A lead plaintiff movant is typical of other proposed class members under Rule 23 if "its claims…arise from purchases made in reliance on the same alleged misstatements and omissions that the complainants and other movants base their claims on, and they also seek the same relief, based on the same legal theories." *Kukkadapu v. Embraer S.A.*, No. 16 Civ. 6277 (RMB), 2016 WL 6820734, at *2 (S.D.N.Y. Oct. 20, 2016). Movant's claims are typical of the Class in that he: (i) suffered the same injuries as a result of the same, or substantially the same, course of conduct

by the named defendants; and (ii) bases his claims on the same, or substantially the same, legal theories as the Class. *Id.*

Here, the questions of law and fact common to the members of the Class and which may affect individual Class members include whether:

- Defendants violated the federal securities laws; and

- the members of the Class sustained damages and, if so, what is the proper measure of damages.

These questions apply equally to Movant as to all members of the Class. Since Movant's claims have the same essential characteristics as those of the other Class members, the typicality requirement is satisfied.

### ii.   Movant Will Fairly and Adequately Protect the Interests of the Class

The adequacy requirement, in turn, is satisfied where: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the plaintiff has sufficient interest in the outcome of the case to ensure vigorous advocacy." *Khunt v. Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015).

Movant is an adequate Lead Plaintiff. Movant and the other members of the Class have the same interest: to maximize the recovery from Defendants as a result of the alleged fraud. Because of Movant's substantial financial stake in the litigation, Class members can be assured that Movant has the incentive to vigorously prosecute the claims.

Movant has further demonstrated his adequacy through his selection of Bernstein Liebhard as Lead Counsel for the proposed Class. As discussed more fully below, Bernstein Liebhard is highly qualified and experienced in the area of securities class action litigation and has repeatedly

00640652;V3                                         6

demonstrated its ability to prosecute complex securities class action lawsuits both in this District and nationwide.

**II.    THE COURT SHOULD APPROVE MOVANT'S CHOICE OF COUNSEL**

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to court approval.  15 U.S.C. § 78u-4(a)(3)(B)(v).

Bernstein Liebhard has extensive experience prosecuting complex securities class actions, such as this one, and is well qualified to represent the Class.  *See* Hasson Decl., Ex. D (Firm Résumé of Bernstein Liebhard).  Bernstein Liebhard has frequently been appointed as Lead Counsel or Co-Lead Counsel in securities class action lawsuits since the passage of the PSLRA, and has frequently appeared in major actions in numerous courts throughout the country. Some of the firm's most recent Lead Counsel appointments include *Valdes v. Kandi Technologies Group, Inc.*, No. 2:20-cv-06042-LDH-AYS (E.D.N.Y.); *Vitiello et al. v. Bed Bath & Beyond, Inc. et al.*, No. 2:20-cv-04240-MCA-MAH (D.N.J.); and *In re Stellantis N.V. Securities Litigation*, No. 1:19-cv-06770-ERK-VMS (E.D.N.Y.).

*The National Law Journal* has recognized Bernstein Liebhard for thirteen years as one of the top plaintiffs' firms in the country.  In 2016, Bernstein Liebhard was listed for the eleventh consecutive year in *The Legal 500*, a guide to the best commercial law firms in the United States, as well as in *Benchmark Plaintiff: The Definitive Guide to America's Leading Plaintiff Firms & Attorneys* for four consecutive years.  Bernstein Liebhard was also selected to the *National Law Journal's* annual "America's Elite Trial Lawyers" list for three consecutive years.

Some of Bernstein Liebhard's outstanding successes as Lead Counsel and Co-Lead Counsel include:

- *In re Beacon Associates Litigation*, No. 09 CIV 0777 (LBS) (AJP) (S.D.N.Y. 2013) ($219 million settlement);

- *City of Austin Police Retirement System v. Kinross Gold Corporation*, No. 1:12-cv-01203-VEC (S.D.N.Y. 2016) ($33 million settlement);

- *In re Tower Group International, Ltd. Sec. Litig.*, No. 1:13-cv-05852-AT (S.D.N.Y. 2015) ($20.5 million settlement)

- *In re Tremont Securities Law, State Law and Insurance Litigation*, No. 08-CV-11117 (TPG) (S.D.N.Y. 2011) (settlement in excess of $100 million);

- *In re Marsh & McLennan Companies Securities Litigation*, No. 04-CV-8144 (CM) (S.D.N.Y. 2009) ($400 million settlement);

- *In re Royal Dutch/Shell Transport Securities Litigation*, No. 04-374 (JAP) (D.N.J. 2008) (U.S.-based settlement amounting to $166.6 million); and

- *In re Freeport-McMoRan Copper & Gold, Inc. Derivative Litigation*, C.A. No. 8145-VCN (Del. Ch. 2015) ($153.5 million settlement in a shareholder derivative action).

Further, Bernstein Liebhard partner Stanley Bernstein served as Chairman of the Executive Committee in *In re Initial Public Offering Securities Litigation*, No. 21 MC 92 (SAS) (S.D.N.Y. 2009), one of the largest consolidated securities class actions ever prosecuted, resulting in a $586 million settlement.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) appoint him as Lead Plaintiff; and (2) approve his selection of Bernstein Liebhard as Lead Counsel for the litigation.

Dated: September 21, 2021                    Respectfully submitted,

                                             /s/*Laurence J. Hasson*
                                             **BERNSTEIN LIEBHARD LLP**
                                             Laurence J. Hasson
                                             10 East 40th Street
                                             New York, NY 10016
                                             Telephone: (212) 779-1414
                                             Facsimile: (212) 779-3218
                                             Email: lhasson@bernlieb.com

                                             *Counsel for Movant and Proposed Lead Counsel for the Proposed Class*

**CERTIFICATE OF SERVICE**

I, Laurence J. Hasson, hereby certify that on September 21, 2021, a true and correct copy of the annexed **MEMORANDUM OF LAW IN SUPPORT OF TERENCE MOSS'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: September 21, 2021                                      /s/*Laurence J. Hasson*
                                                                              Laurence J. Hasson

00640652;V3                                            9