UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | x | |
| JOHN R. SKEELS, Individually and on Behalf of All Others Similarly Situated, | : : : | Civil Action No. 1:21-cv-04161-LDH-PK |
| Plaintiff, | : : | CLASS ACTION |
| vs. | : : : | MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL |
| PIEDMONT LITHIUM INC., KEITH D. PHILLIPS, BRUCE CZACHOR, and GREGORY SWAN, | : : : : | |
| Defendants. | : : : | **DATE OF SERVICE: September 21, 2021** |
| | x | |

4843-0159-7691.v1

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ...................................................................................................................1

II.    STATEMENT OF FACTS ......................................................................................................1

III.   ARGUMENT............................................................................................................................2

      A.     Ace Association Is the "Most Adequate Plaintiff" and Should Be
      Appointed Lead Plaintiff..............................................................................................2

            1.     Ace Association's Motion Is Timely ...............................................................3

            2.     Ace Association Has the Largest Financial Interest in the Relief
                 Sought by the Class.........................................................................................3

            3.     Ace Association Is Typical and Adequate of the Putative Class .................4

      B.     The Court Should Approve Ace Association's Selection of Counsel .....................5

IV.    CONCLUSION.........................................................................................................................7

4843-0159-7691.v1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
No. 8:15-cv-00865-AG (C.D. Cal.) ...................................................................6

*In re Am. Realty Capital Props., Inc. Litig.*,
No. 1:15-mc-00040-AKH (S.D.N.Y. Jan. 21, 2020) .........................................6

*In re Cardinal Health, Inc. Sec. Litig.*,
No. 2:04-cv-00575-ALM (S.D. Ohio) ...............................................................7

*In re Enron Corp. Sec. Litig.*,
No. 4:01-cv-03624 (S.D. Tex.) ..........................................................................7

*In re HealthSouth Corp. Sec. Litig.*,
No. 2:03-cv-01500-KOB-TMP (N.D. Ala.).......................................................7

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
No. 1:01-cv-01451-REB-KLM (D. Colo.) .........................................................7

*In re UnitedHealth Grp. Inc. Sec. Litig.*,
No. 0:06-cv-01691-JMR-FLN (D. Minn.).........................................................7

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
No. 3:15-cv-07658-MAS-LHG (D.N.J.).............................................................6

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) .........................................................................4

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
No. 1:02-cv-05893 (N.D. Ill.) ............................................................................7

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
No. 1:08-cv-10783 (S.D.N.Y. May 2, 2016) .....................................................6

*Peralta v. Graña y Montero S.A.A.*,
No. 2:17-cv-01105-JMA-ARL (E.D.N.Y. Mar. 5, 2018) ...............................5, 6

*Smilovits v. First Solar, Inc.*,
No. 2:12-cv-00555-DGC (D. Ariz.)...................................................................6

*Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.*,
2019 WL 7287202 (E.D.N.Y. May 24, 2019) .................................................4, 5

4843-0159-7691.v1

**Page**

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.

§78u-4(a)(1) ...........................................................................................................................2

§78u-4(a)(3)(A)......................................................................................................................3

§78u-4(a)(3)(A)(i)..................................................................................................................3

§78u-4(a)(3)(B)(i)...............................................................................................................1, 2

§78u-4(a)(3)(B)(iii)................................................................................................................1

§78u-4(a)(3)(B)(iii)(I)............................................................................................................3

§78u-4(a)(3)(B)(iii)(I)(cc)......................................................................................................4

§78u-4(a)(3)(B)(v)............................................................................................................1, 5

Federal Rules of Civil Procedure

Rule 23 ..............................................................................................................................3, 4

4843-0159-7691.v1

## I.   INTRODUCTION

This action is brought on behalf of all persons who purchased or otherwise acquired Piedmont Lithium Inc. ("Piedmont Lithium" or the "Company") securities between March 16, 2018 and July 19, 2021, both dates inclusive (the "Class Period"), against the Company and three senior executive officers for alleged violations of the Securities Exchange Act of 1934 (the "1934 Act").  In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") directs district courts to appoint as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Ace Association LLC should be appointed lead plaintiff because it filed a timely motion, has a substantial financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, Ace Association's selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.   STATEMENT OF FACTS

Piedmont Lithium engages in  the exploration and development of resource projects.  The Company primarily holds a 100% interest in a lithium project covering 2,322 acres in North Carolina.  On March 16, 2018, Piedmont filed with the U.S. Securities and Exchange Commission ("SEC") a Registration Statement on Form 20-F, which discussed the Company's need for proper permits, as well as the risks to the Company pertaining to permits.

The complaint alleges that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) Piedmont Lithium has not, and would not, follow its stated steps or timeline to secure all proper and necessary permits; (ii) Piedmont Lithium

- 1 -

failed to inform relevant people and governmental authorities of its actual plans; (iii) Piedmont Lithium failed to file proper applications with relevant governmental authorities (including state and local authorities); (iv) Piedmont Lithium and its lithium business does not have "strong local government support"; and (v) as a result, defendants' public statements were materially false and/or misleading at all relevant times.

On July 20, 2021, *Reuters* published an article entitled "In push to supply Tesla, Piedmont Lithium irks North Carolina neighbors" which reported the following, among other things, regarding Piedmont Lithium's regulatory issues in North Carolina: "The company, however, has not applied for a state mining permit or a necessary zoning variance in Gaston County, just west of Charlotte, despite telling investors since 2018 that it was on the verge of doing so. Five of the seven members of the county's board of commissioners, who control zoning changes, say they may block or delay the project . . . ." ECF No. 1 at ¶50. On this news, Piedmont Lithium's share price suffered a decline of nearly 20%, damaging investors.

As a result of defendants' wrongful acts and omissions, and the decline in the market value of the Company's securities, Ace Association and other class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    Ace Association Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported

- 2 -

4843-0159-7691.v1

plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice was published on July 23, 2021. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I). Ace Association meets these requirements and should be appointed Lead Plaintiff.

### 1.    Ace Association's Motion Is Timely

The July 23, 2021, statutory notice advised putative class members of the pendency of the action, the claims asserted, the relevant time period, and the right to move the Court for appointment as lead plaintiff by September 21, 2021. *See* Rosenfeld Decl., Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because this motion is being timely filed by the statutory deadline, Ace Association is eligible for appointment as lead plaintiff.

### 2.    Ace Association Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification, Ace Association purchased 23,000 shares of Piedmont Lithium common stock during the Class Period and suffered over $129,000 in losses as a result of

defendants' alleged misconduct. *See* Rosenfeld Decl., Exs. B, C. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, Ace Association meets the PSLRA's prerequisite of having the largest financial interest.

**3.    Ace Association Is Typical and Adequate of the Putative Class**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Typicality and adequacy of representation are the only provisions of Rule 23 relevant to the determination of lead plaintiff under the PSLRA. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). "The typicality requirement is satisfied 'where the claims arise from the same course of events and each class member makes similar legal arguments to prove defendant's liability.'" *Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.*, 2019 WL 7287202, at *4 (E.D.N.Y. May 24, 2019) (citation omitted). "The adequacy requirement is satisfied where 'class counsel is qualified, experienced, and generally able to conduct the litigation; . . . the proposed lead plaintiff has interests that are not antagonistic to other class members; and . . . the proposed lead plaintiff and the class possess sufficient interest to pursue vigorous prosecution of their claims.'" *Id.* (citation omitted).

Ace Association satisfies the typicality requirement because, just like all other class members, it: (1) purchased Piedmont Lithium securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages thereby. Ace Association's substantial loss provides the requisite interest to ensure vigorous advocacy. Moreover, Ace Association's interests are aligned with the putative class. Ace Association has amply demonstrated its adequacy by signing a sworn Certification and submitting a Declaration from its manager Ehsan P. Afaghi affirming Ace Association's ability and willingness to serve as, and to assume the responsibilities of, class representative. *See* Rosenfeld Decl., Exs. B, D. Mr. Afaghi's

4843-0159-7691.v1

Declaration – which sets forth his residence, education, professional background, investment experience, and other qualifications – establishes Ace Association's *prima facie* adequacy showing and enables the Court and absent class members to independently assess Ace Association's ability to satisfy Rule 23's prerequisites. *See* Rosenfeld Decl., Ex. D. Finally, as explained below, Ace Association has selected experienced and qualified counsel, further evidencing its ability to fairly and competently represent the interests of the putative class.

Because Ace Association filed a timely motion, has a significant financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

### B.   The Court Should Approve Ace Association's Selection of Counsel

The PSLRA provides that the most adequate plaintiff "'shall, subject to the approval of the court, select and retain counsel to represent the class.'" *Vanda*, 2019 WL 7287202, at *5 (quoting 15 U.S.C. §78u-4(a)(3)(B)(v)). "'The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" *Id.* (citation omitted). Here, Ace Association has selected Robbins Geller to serve as lead counsel for the proposed class.

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Peralta v. Graña y Montero S.A.A.*, No. 2:17-cv-01105-JMA-ARL,

- 5 -

ECF No. 16 (E.D.N.Y. Mar. 5, 2018) (appointing Robbins Geller as co-lead counsel in securities case); *Vanda*, 2019 WL 7287202, at \*4 (appointing Robbins Geller as lead counsel in securities case); *see also In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as lead counsel in recovering $1.025 billion for the class in a securities class action, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller].  At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (concerning Robbins Geller's role as lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers.  They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law.  I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute . . . .  Counsel, you can all be proud of what you've done for your clients.  You've done an extraordinarily good job.").

Notably, in 2020, Robbins Geller recovered more than $1.4 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.).  And, in 2021, Robbins Geller has secured final approval of a $1.21 billion recovery in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.).  Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-

- 6 -

00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[1]

Thus, the Court can be assured that by approving Ace Association's choice of Robbins Geller as lead counsel, the putative class will receive the highest caliber of representation.

## IV.    CONCLUSION

Ace Association has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, Ace Association respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED:  September 21, 2021              Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

---

[1]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 7 -

4843-0159-7691.v1

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

JOHNSON FISTEL, LLP
RALPH M. STONE
1700 Broadway, 41st Floor
New York, NY  10019
Telephone:  212/292-5690
212/292-5680 (fax)
ralphs@johnsonfistel.com

Additional Counsel for [Proposed] Lead Plaintiff

- 8 -

4843-0159-7691.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on September 21, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
     & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:  drosenfeld@rgrdlaw.com

4843-0159-7691.v1

Case 1:21-cv-04161-OEM-PK    Document 17    Filed 09/21/21    Page 14 of 14 PageID #: 397

# Mailing Information for a Case 1:21-cv-04161-LDH-PK Skeels v. Piedmont Lithium Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Laurence Jesse Hasson**
  lhasson@bernlieb.com,asanchez@bernlieb.com,birkeland@bernlieb.com,mguarnero@bernlieb.com,ecf@bernlieb.com

- **Shannon Lee Hopkins**
  shopkins@zlk.com,shalliday@zlk.com,ecf@zlk.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Terence Moss**
  lhasson@bernlieb.com

- **Nathaniel A. Tarnor**
  NathanT@hbsslaw.com,lisal@hbsslaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)