UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN R. SKEELS, Individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>PIEDMONT LITHIUM INC., KEITH D. PHILLIPS, BRUCE CZACHOR, and GREGORY SWAN,<br><br>        Defendants. | Case No. 1:21-cv-04161-LDH-PK<br><br>Hon. LaShann DeArcy Hall |

**MEMORANDUM OF LAW IN SUPPORT OF SUSAN JOORABCHI'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**
**<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

I.    FACTUAL BACKGROUND ...................................................................................................1

II.   ARGUMENT .......................................................................................................................2

      A.    Joorabchi Is the Presumptive Lead Plaintiff and Should Be Appointed
            Lead Plaintiff ............................................................................................................2

            1.    Joorabchi Filed a Timely Motion ...............................................................3

            2.    Joorabchi Has the Largest Financial Interest .............................................4

            3.    Joorabchi Satisfies the Relevant Requirements of Rule 23 ........................4

                  a.    Joorabchi's Claims Are Typical ......................................................5

                  b.    Joorabchi Is an Adequate Representative .......................................5

      B.    The Court Should Approve Movant's Choice of Counsel .......................................6

III.  CONCLUSION ....................................................................................................................7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cohen v. U.S. Dist. Ct. for N. Dist. of California,*
    586 F.3d 703 (9th Cir. 2009) ...................................................................................................6

*Cornwell v. Credit Suisse Grp.,*
    No. 08-cv-03758, 2011 WL 13263367 (S.D.N.Y. July 20, 2011)...........................................7

*In re Cavanaugh,*
    306 F.3d 733 (9th Cir. 2002) ...................................................................................................6

*In re Cendant Corp. Litig.,*
    264 F.3d 201 (3d Cir. 2001) .....................................................................................................6

*In re eSpeed, Inc. Sec. Litig.,*
    232 F.R.D. 95 (S.D.N.Y. 2005) ................................................................................................5

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
    No. 1:08-cv-7281, 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) ...........................................5

*Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.,*
    269 F.R.D. 291 (S.D.N.Y. 2010) .........................................................................................4, 5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.,*
    589 F. Supp. 2d 388 (S.D.N.Y. 2008).....................................................................................3, 4

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
    No. 10-CV-01405, 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ...........................................5

**Statutes, Rules, and Regulations**

15 U.S.C.
    §78u-4(a)(3)(A)(i)......................................................................................................................3
    §78u-4(a)(3)(B).........................................................................................................................2
    §78u-4(a)(3)(B)(iii)...................................................................................................................4
    §78u-4(a)(3)(B)(iii)(I)...............................................................................................................3
    §78u-4(a)(3)(B)(iii)(I)(cc).........................................................................................................4
    §78u-4(a)(3)(B)(iii)(II) .............................................................................................................3
    §78u-4(a)(3)(B)(iii)(aa).............................................................................................................3
    §78u-4(a)(3)(B)(v) ....................................................................................................................6
    §78u-41(a)(3)(B)(iii)(II)(aa) .....................................................................................................6

Federal Rules of Civil Procedure
    Rule 23 ............................................................................................................................ *passim*
    Rule 23(a)...............................................................................................................................4, 5

Movant Susan Joorabchi ("Joorabchi" or "Movant") respectfully submits this memorandum of law in support of her motion for appointment as Lead Plaintiff, and approval of her selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel (the "Motion"), pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.* This action is brought on behalf of a putative class of purchasers of securities of Piedmont Lithium Inc. ("Piedmont" or the "Company") between March 16, 2018 and July 19, 2021, both dates inclusive (the "Class" that bought during the "Class Period").

Pursuant to the PSLRA, the movant with the largest financial interest in the relief sought by the Class, who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), is presumed to be the "most adequate" plaintiff – *i.e.*, the plaintiff most capable of adequately representing the interests of class members.  The PSLRA provides that a court shall appoint the most adequate movant as lead plaintiff.  Joorabchi is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses she suffered as a result of Defendants' wrongful conduct as alleged in this litigation. Moreover, the Movant satisfies the relevant requirements of Rule 23, as her claims are typical of other Class members' claims and she will fairly and adequately represent the interests of the Class.  In addition, Joorabchi's selection of Scott+Scott as Lead Counsel should be approved because Scott+Scott has substantial expertise in securities class action litigation and the experience and resources to efficiently and effectively prosecute this action.

## I.  FACTUAL BACKGROUND[1]

Piedmont is a publicly traded company that engages in the exploration and development of resource projects.  Of particular note, the Company primarily holds a 100% interest in a lithium project covering 2,322 acres in North Carolina.  ¶¶7-8.  This action alleges that Piedmont

---

[1]     Citations to "¶__" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws, filed on July 23, 2021 (ECF No. 1) (the "Complaint").  Unless otherwise defined, capitalized terms shall have the same meanings as those set forth in the Complaint.  The facts set forth in the Complaint are incorporated herein by reference.

and certain directors and officers of Piedmont defrauded investors by making materially misleading statements during the Class Period. The Complaint alleges misleading statements pertaining to the Company's business, operational, and financial results, which were known to Defendants or recklessly disregarded by them. ¶¶18-49. Specifically, the Complaint alleges the Defendants made false and/or misleading statements and/or failed to disclose that: (1) Piedmont has not, and would not, follow its stated steps or timeline to secure all proper and necessary permits; (2) Piedmont failed to inform relevant people and governmental authorities of its actual plans; (3) Piedmont failed to file proper applications with relevant governmental authorities (including state and local authorities); (4) Piedmont and its lithium business does not have "strong local government support"; and, (5) as a result, Defendants' public statements were materially false and/or misleading at all relevant times. ¶49.

The truth about the misstatements was revealed on July 20, 2021. ¶50. On that day, before the market opened, *Reuters* published an article entitled "In push to supply Tesla, Piedmont Lithium irks North Carolina neighbors," which reported on regulatory issues that the Company was having in North Carolina. *Id.* On this news, Piedmont shares fell $12.56 per share, or nearly 20%, to close at $50.52 per share on July 20, 2021, damaging investors. ¶51. This lawsuit followed on July 23, 2021.

## II.    ARGUMENT

### A.    Joorabchi Is the Presumptive Lead Plaintiff and Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the class member that:

(aa)    has either filed the complaint or made a motion in response to a notice;

2

      (bb)     in the determination of the Court, has the largest financial interest in the relief sought by the class; and

      (cc)     otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff":

      (aa)     will not fairly and adequately protect the interests of the class; or

      (bb)     is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant Joorabchi satisfies the forgoing criteria and she has complied with all the PSLRA's requirements to be appointed lead plaintiff. Joorabchi has, to the best of her knowledge, the largest financial interest in the action and meets the relevant requirements of Rule 23. *See* Declaration of Thomas L. Laughlin, filed herewith ("Laughlin Decl."), Ex. D (Loss Chart). In addition, Joorabchi is not aware of any unique defenses that Defendants could raise against her that would render her inadequate to represent the Class. Accordingly, Joorabchi respectfully submits that she should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1.    Joorabchi Filed a Timely Motion

On July 23, 2021, pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), counsel for Plaintiff published a notice via *BusinessWire* – a widely circulated national business-oriented wire service – announcing that the action had been filed and advising investors that they had until September 21, 2021, to file a motion to be appointed as lead plaintiff. *See* Laughlin Decl., Ex. A. Joorabchi timely filed her motion within the 60-day period following publication of the Notice and she has submitted herewith a sworn certification attesting that she is willing to serve as a representative of the Class and providing her transactions in the Fund. *See* Laughlin Decl., Ex. B. By making a timely motion in response to the Notice, Joorabchi satisfies the first PSLRA requirement to be appointed as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa).

3

### 2.      Joorabchi Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the [the movant with] the largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii).  Joorabchi believes that she has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, she should be presumed to be the "most adequate plaintiff."

Based on the information presently available, Movant is the individual with the largest financial interest in the relief sought in this litigation.  Movant suffered losses of approximately $34,388.  *See* Laughlin Decl., Ex. D.  Given that Movant has the largest financial interest in this litigation and, as discussed below, she satisfies all of the PSLRA prerequisites for appointment as lead plaintiff, and she should be appointed Lead Plaintiff.  *See Varghese*, 589 F. Supp. 2d at 396.

### 3.      Joorabchi Satisfies the Relevant Requirements of Rule 23

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1)     the class is so numerous that joinder of all members is impracticable;

(2)     there are questions of law or fact common to the class;

(3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)     the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "'typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination.'"  *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010) (brackets in original).  At the lead plaintiff stage of the litigation, Joorabchi needs only to make a preliminary showing that she satisfies Rule 23's

4

typicality and adequacy requirements. *Id.* at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281, 2008 WL 4974839, at *4-5 (S.D.N.Y. Nov. 24, 2008). Movant goes beyond this requirement and also provides a declaration further demonstrating her adequacy to represent the Class. *See* Laughlin Decl., Ex. C.

### a.      Susan Joorabchi's Claims Are Typical

Rule 23(a)'s typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, No. 1:08-CV-7281, 2008 WL 4974839, at *4 (S.D.N.Y. Nov. 24, 2008). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Joorabchi's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Joorabchi alleges that Defendants' material misstatements and omissions violated federal securities laws. Joorabchi, like all members of the Class, purchased shares of the Fund during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby. *See Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-01405, 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Joorabchi's interests and claims are "typical" of the interests and claims of the Class.

### b.      Joorabchi Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Monroe*, 269 F.R.D. at 297. Joorabchi has demonstrated her adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute these actions. *See* Laughlin Decl., Ex. D.

5

Joorabchi is not aware of any conflict that exists between her claims and those asserted on behalf of the Class.

Accordingly, because she has the largest financial interest in these actions and she has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23, Joorabchi should be appointed as Lead Plaintiff.

**B.      The Court Should Approve Movant's Choice of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cavanaugh*, 306 F.3d 733 at 734-35 (9th Cir. 2002). As such, this Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. §78u-41(a)(3)(B)(iii)(II)(aa); *see also Cohen v. U.S. Dist. Ct. for N. Dist. of California*, 586 F.3d 703, 712 (9th Cir. 2009) ("[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice.") (citing *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001)); *Cavanaugh*, 306 F.3d 733.

Movant has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Laughlin Decl., Ex. E. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[2]

---

[2]     Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, No. 08-cv-03758, 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011), a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists. (*Id.*)

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including: *Garnett v. Wang [RLX Technology, Inc.]*, No. 21-cv-05125 (S.D.N.Y.); *Gupta v. Athenex, Inc.*, No. 21-cv-00337 (W.D.N.Y.); *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Blake v. MacroGenics, Inc.*, No. 8:19-cv-02713 (D. Md.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio); *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 1:19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Sec. Litig.*, No. 1:19-cv-02005 (S.D.N.Y.); *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.) ($27.5 million settlement preliminarily approved); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.) ($14.5 million settlement preliminarily approved); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

In light of the foregoing, the Court should approve Movant's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving Movant's choice of counsel, the putative Class will receive the highest caliber of representation.

## III.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court appoint her as Lead Plaintiff and approve her selection of Scott+Scott to serve as Lead Counsel.

7

DATED:  September 21, 2021          **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 *s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV
Rhiana L. Swartz
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
rswartz@scott-scott.com

*Counsel for Proposed Lead Plaintiff Susan Joorabchi and Proposed Lead Counsel for the Class*

8

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

 *s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV

9