**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JOHN R. SKEELS, Individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No.: 1:21-cv-04161-LDH |
| PIEDMONT LITHIUM INC., KEITH D. PHILLIPS, BRUCE CZACHOR, and GREGORY SWAN, | Hon. LaShann DeArcy Hall |
| Defendants. | |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF ANTHONY AND DONNA LAFORGIA'S MOTION FOR APPOINTMENT AS CO-LEAD PLAINTIFFS AND APPROVAL OF SELECTION OF COUNSEL AND IN OPPOSITION TO <u>THE COMPETING MOTIONS</u>**

Lead plaintiff movants Anthony and Donna LaForgia (the "LaForgias") respectfully submit this memorandum of law in opposition to all other competing lead plaintiff motions and in further support of their motion ("Motion") for (i) appointment as Co-Lead Plaintiffs in the above captioned action (the "Action"); and (ii) approval of their selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel for the proposed Class. [1]

## I.      PRELIMINARY STATEMENT

On September 21, 2021, seven movants timely filed motions for appointment as Lead Plaintiff in the Action.[2] A review of these motions make it abundantly clear that the LaForgias have the largest financial interest of any movant, by more than three times the closest competing movant, or over $372,000 more. The LaForgias also handily satisfy the adequacy and typicality requirements of Rule 23, and therefore are the "most adequate" plaintiffs as defined by the PSLRA. Accordingly, and because there is no "proof" to rebut the "strong presumption" in their favor, the LaForgias should be appointed Co-Lead Plaintiffs here and all other competing motions should be denied.

In securities class actions, the PSLRA directs courts to appoint as lead plaintiff the movant with the "largest financial interest in the relief sought by the class" who "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Accordingly, in assessing the competing movants here, the Court must first look to each movant's financial interest. The predominant method for calculating financial interest in this Circuit is to calculate each movant's approximate losses under the "last-in-first-out" ("LIFO")

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meanings as set forth in the LaForgias' opening memorandum. *See* ECF No. 6.

[2] Lead plaintiff motions were filed by: (i) the LaForgias; (ii) Ace Association LLC ("Ace Association"); (iii) Terence Moss; (iv) Feng Xiao; (v) Susan Joorabchi; (vi) Alfred B. Wieczorek; and (vii) Connie and David Robinson.

accounting methodology. *In re eSpeed, Inc. Securities Litig.,* 232 F.R.D. 95, 101 (S.D.N.Y. 2005) ("more recently, courts have preferred LIFO"); *Simco v. Aegean Marine Petroleum Network Inc.,* 18-CV-4993-NRB, 2018 WL 11226076, at *2 (S.D.N.Y. Oct. 30, 2018) ("[i]n calculating losses, courts in this district have a "very strong preference" for the "last-in, first-out" ("LIFO") method"); *see also Takara Tr. v. Molex Inc.,* 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.") (internal citations omitted). Under this method, it is beyond dispute that the LaForgias have the largest financial interest of any movant in the Action by a very wide margin.

Once the movant with the largest financial interest has been established – here the LaForgias – the Court must next look to whether that movant, and that movant alone, satisfies *prima facie* adequacy and typicality under Rule 23. *Kasilingam v. Tilray, Inc.*, 1:20-CV-03459-PAC, 2020 WL 4530357, at *2 (S.D.N.Y. Aug. 6, 2020) ("[o]nce ... the court identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements."). The LaForgias here have easily demonstrated their *prima facie* typicality and adequacy under Rule 23. Their claims are typical of those of other class members, *inter alia*, because they are based on the same legal theory and arise from the same event and course of conduct as the Class' claims. *See* ECF No. 6.

The LaForgias are likewise adequate because they, a married couple, are sophisticated investors whose interests are perfectly aligned with the proposed Class's interests to maximize a recovery as a result of the alleged fraud. The LaForgias further demonstrated their adequacy because their substantial financial interest will ensure their vigorous prosecution of the proposed Class's claims; they have no conflicts with other Class members; and they have selected experienced counsel, Levi & Korsinsky, as Lead Counsel for the Class. *In re Sequans Commun.*

*S.A. Securities Litig.,* 289 F. Supp. 3d 416, 423 (E.D.N.Y. 2018). Moreover, with their motion, the LaForgias submitted a sworn declaration demonstrating their level of sophistication, their understanding and commitment to undertake the responsibilities of Lead Plaintiff, which includes managing and overseeing counsel to ensure the efficient and effective prosecution of this Action. ECF No. 7-1.

For these reasons, the LaForgias are entitled to the PSLRA's "strong presumption" of being the "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Teamsters Loc. Union No. 727 Pension Fund*, 19 CV 1108 (FB)(LB), 2019 WL 7287202, at *4 (E.D.N.Y. May 24, 2019). This strong presumption can only be rebutted with "proof" that the LaForgias are somehow inadequate or atypical. No such proof exists here. Accordingly, the Court should grant the LaForgias' motion in its entirety and deny all other competing lead plaintiff motions.

## II. ARGUMENT

### A. The LaForgias are the Presumptive Lead Plaintiffs

#### 1. The LaForgias have the Largest Financial Interest in the Relief Sought by the Class

The LaForgias have the largest financial interest of any competing movant in the Action by **over $372,000, or more than three times.** In determining the movant with the largest financial interest, the most important factor is approximate losses, which courts in this Circuit prefer to calculate using the LIFO methodology. *See* 15 U.S.C. § 78u-4; *Atanasio v. Tenaris S.A.*, 331 F.R.D. 21, 27 (E.D.N.Y. 2019). Under this methodology, there is no contest – the LaForgias' losses are much larger than the losses asserted by any other movant:

| Movant | Claimed Loss |
|---|---|
| **Anthony and Donna LaForgia** | **$501,129.26** |
| Ace Association LLC | $129,087.82 |
| Terence Moss | $51,558.11 |
| Feng Xiao | $37,528.00 |
| Susan Joorabchi | $34,388.19 |
| Alfred B. Wieczorek | $23,020.00 |
| Connie and David Robinson | $17,956.82 |

In fact, the LaForgias financial interest is almost ***double*** the size of the ***combined*** losses of the six

other movants, or over $207,000 ***more***. The foregoing should end the financial interest inquiry.

### 2. The LaForgias Have Made the Requisite Prima Facie Showing of Their Typicality and Adequacy Under Rule 23

Once the movant with the largest financial interest has been established – here the

LaForgias – the Court must next assess whether that movant, and that movant alone, has satisfied

*prima facie* Rule 23 typicality and adequacy. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002)

("[s]o long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements,

he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff

would do a better job."). Here, the LaForgias handily satisfy the typicality and adequacy

requirements of Rule 23. In appointing a lead plaintiff, a district court must determine whether the

movant has made a *prima facie* showing of typicality and adequacy. *Xiangdong Chen v. X Fin.*,

19-CV-6908-KAM-SJB, 2020 WL 2478643, at *4 (E.D.N.Y. May 13, 2020) ("[i]n a PSLRA

motion to appoint Lead Plaintiff, the Court considers only whether the proposed plaintiff has made a 'preliminary showing' that two Rule 23 requirements—typicality and adequacy—are satisfied.") Moreover, it is well established that the district court's consideration of adequacy and typicality is not a "beauty contest" amongst the movants. *Sofran v. LaBranche & Co., Inc.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("[o]nce the court 'identifies the plaintiff with the largest stake in the litigation, further inquiry must focus on that plaintiff alone and be limited to determining whether he satisfies the other statutory requirements.'")

The LaForgias easily satisfy the typicality requirement of Rule 23. Their claims are typical of those of other Class members because, like other Class members, the LaForgias purchased Piedmont securities during the Class Period at prices artificially inflated by Defendants' misrepresentations and/or omissions that form the basis of the Action. The LaForgias suffered substantial losses as a result of the alleged fraud in the Action. Moreover, the LaForgias' claims are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *Salinger v. Sarepta Therapeutics, Inc.,* No. 19-CV-8122-VSB, 2019 U.S. Dist. LEXIS 218248, at *7 (S.D.N.Y. Dec. 17, 2019); *In re Drexel Burnham Lambert Group, Inc.,* 960 F.2d 285, 291 (2d Cir. 1992) ("[Typicality] is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.").

The LaForgias have also demonstrated their adequacy to serve as Lead Plaintiffs in this Action. A lead plaintiff satisfies the adequacy requirement of Rule 23 by showing that: (1) his chosen counsel is qualified to represent the class; (2) there is no conflict between the lead plaintiff and the class they seek to represent; and (3) the lead plaintiff has a sufficient interest to ensure vigorous advocacy. *Omdahl v. Farfetch Ltd.,* No. 19-cv-8657-AJN, 2020 U.S. Dist. LEXIS

103935, at *9 (S.D.N.Y. June 10, 2020); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007). First, the LaForgias have selected Levi & Korsinsky to serve as Lead Counsel for the Class. Levi & Korsinsky is a qualified counsel with substantial experience litigating securities class actions. *See* ECF No. 7-5; *Rosi v. Alcaris Therapeutics, Inc.,* 19-CV-7118-LTS-JLC, 2019 WL 5778445, at *4 (S.D.N.Y. Nov. 6, 2019) (the adequacy requirement is satisfied where "class counsel is qualified, experienced, and generally able to conduct the litigation."). Second, the LaForgias possess the largest financial interest in this Action. This will ensure their vigorous and adequate prosecution of the Class's claims. *Burnham v. Qutoutiao Inc.*, 20-CV-6707 (SHS), 2020 WL 6484490, at *3 (S.D.N.Y. Nov. 4, 2020). Third, the LaForgias have no conflicts with other Class Members. Indeed, their interests are perfectly aligned with the Class's interests of maximizing a recovery for the Class due to the alleged fraud in this Action. *Reitan v. China Mobile Games & Ent. Group, Ltd.*, 68 F. Supp. 3d 390, 400 (S.D.N.Y. 2014).

Moreover, the LaForgias have further demonstrated their adequacy by submitting a declaration in support of their Motion, attesting that they are sophisticated investors by providing their education, employment, and years of investing experience, are knowledgeable about the litigation, and are committed and understand the obligations of a lead plaintiff under the PSLRA and plan to prosecute this Action efficiently. *See* ECF No. 7-4.

For these reasons, the LaForgias satisfy the typicality and adequacy requirements of Rule 23 and are entitled to the PSLRA's "strong presumption" of being Lead Plaintiff. *Hansen v. Ferrellgas Partners, L.P.*, 16-CV-7840 (RJS), 2017 WL 281742, at *5 (S.D.N.Y. Jan. 19, 2017) ("[a]ccordingly, because the Batai Group was a timely movant, holds the largest financial interest, and satisfies Rule 23's requirements, the group is presumptively the "most adequate plaintiff.").

**B.** **No Movant can Rebut the Strong Presumption in Favor of Appointing the LaForgias as Lead Plaintiffs**

For the foregoing reasons, the LaForgias are entitled to the PSLRA's "strong presumption" of being the "most adequate plaintiff" in this Action. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Courts in this Circuit and all over the nation have repeatedly held that once this presumption is triggered, the court must focus on the presumptive plaintiff alone. *Kasilingam*, 2020 WL 4530357, at *2.

The "strong presumption" in favor of appointing the LaForgias as Lead Plaintiffs can only be rebutted with "proof" that the LaForgias are somehow atypical or inadequate. 15 U.S.C. §78u-4(a)(3)(B)(iii)(II); *see also Omdahl*, 2020 U.S. Dist. LEXIS 103935, at *6 ("[t]his presumption may only be rebutted by proof that the purportedly most adequate plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'"). No such proof exists here. Accordingly, the LaForgias' Motion should be granted.

## III.   CONCLUSION

For the foregoing reasons, the LaForgias respectfully request that the Court grant their Motion and enter an Order: (1) appointing Anthony and Donna LaForgia as Co-Lead Plaintiffs, (2) approving their selection of Levi & Korsinsky as Lead Counsel for the Class, (3) granting such other relief as the Court may deem just and proper; and (4) denying all other competing motions.

Dated: October 5, 2021                                      Respectfully Submitted,

                                                            **LEVI & KORSINSKY, LLP**

                                                            */s/ Shannon L. Hopkins*
                                                            Shannon L. Hopkins (SH-1887)
                                                            55 Broadway, 10th Floor
                                                            New York, NY 10006

Tel: (212) 363-7500
Fax: (212) 363-7171
Email: shopkins@zlk.com

Nicholas I. Porritt
Adam M. Apton
**LEVI & KORSINSKY, LLP**
1101 30th Street NW, Suite 115
Washington, D.C. 20007
Tel : (202) 524-4290
Email: nporritt@zlk.com
Email: aapton@zlk.com

*Lead Counsel for Anthony and Donna
LaForgia and [Proposed] Lead Counsel for
the Class*