**EXHIBIT D**

Faud Haghighi, Esq. SBN.: 281724
Law Offices of Faud Haghighi
1352 Irvine Blvd., Ste. 210
Tustin, California 92780
Tel: (714) 508-7000
Fax: (714) 508-7002
Email: lawofficesoffaudhaghighi@ymail.com

Attorney for Plaintiff,
ATOSA KHODDAMHAZRATI

**FILED**
Superior Court of California
County of Los Angeles

SEP - 4 2015

Sherri R. Carter, Executive Officer/Clerk
By_____ Deputy
Dawn Alexander

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES- STANLEY MOSK COURTHOUSE

ATOSA KHODDAMHAZRATI , an individual,

Plaintiff,

vs.

KEYVAN CHAPCHIAN, an individual, and NAPOLEON BAKERY INC., a California Corporation, and DOES 1 through 25, inclusive,

Defendants.

CASE NO: BC491601

UNLIMITED JURISDICTION

*ASSIGNED TO FOR ALL PURPOSES:*
*Hon. Judge STEPHANIE BOWICK*

Dept.: 19

SECOND AMENDED COMPLAINT FOR:

(1) BREACH OF WRITTEN CONTRACT

(2) COMMON COUNT: MONEY HAD AND RECEIVED

(3) COMMON COUNT: MONEY LENT

(4) COMMON COUNT: MONEY PAID

(5) FRAUDULENT CONVEYANCES OF REAL PROPERTY PURSUANT TO CAL. CIV. CODE §3439 ET SEQ.

## PARTIES

1. At all times herein mentioned Plaintiff ATOSA KHODDAMHAZRATI [hereinafter "PLAINTIFF"] was and is now a resident of Ontario, Canada.

SECOND AMENDED COMPLAINT
1

2. At all times herein mentioned Defendant KEYVAN CHAPCHIAN [hereinafter "CHAPCHIAN"] was and is now a resident of the State of California, County of Los Angeles.

3. At all times herein mentioned defendant Napoleon Bakery Inc.[hereinafter "NAPOLEON INC."] is, and was a corporation organized and existing under the laws of California authorized to transact, and transacting business in the State of California, County of Los Angeles.

4. At all times herein mentioned defendant EHSAN AFAGHI (hereinafter "AFAGHI") is and was resident of the State of California, County of Los Angeles.

5. At all times herein mentioned defendant ACE ASSOCIATION LLC (hereinafter "ACE") is and was a California Limited Liability Company doing business in California.

6. At all times herein mentioned defendant MARINA BOGOSLAVSKAYA (hereinafter "BOGOSLAVSKAYA") is and was a resident of the State of California, County of Los Angeles.

## JURISDICTION AND VENUE

7. PLAINTIFF incorporates by reference the allegations contained in paragraphs 1-6, and each and every part thereof with the same force and effect as though set out at length herein.

8. Venue is appropriate within the County of Los Angeles pursuant to Section 395(b) of the *Code of Civil Procedure* because the contract at issue was entered into within the County of Los Angeles.

SECOND AMENDED COMPLAINT

2

9. PLAINTIFF is unaware of the true names and capacities of Defendants sued herein as DOES 7-25 inclusive and therefore sues said Defendants by such fictitious names. Plaintiffs are informed and believe that each of the fictitiously named defendants are in some manner responsible for the acts and occurred alleged herein and for damages sustained by PLAINTIFF.

OPERATIVE FACTS

10. PLAINTIFF incorporates by reference the allegations contained in paragraphs 1-9, and each and every part thereof with the same force and effect as though set out at length herein.

11. On or about October 20, 2009 PLAINTIFF entered into a written agreement, Promissory Note, with CHAPCHIAN, a copy of which is attached as Exhibit #1.

12. The Promissory Note requires that CHAPCHIAN repay $80,000.00 which was loaned to him by PLAINTIFF, with interest accruing at 15% annually.

13. On September 7, 2010, NAPOLEON INC. through its president and owner CHAPCHIAN entered into a written Lender Agreement, which is attached as Exhibit #2.

14. The Lender Agreement requires that NAPOLEON INC. repay $80,000.000 to PLAINTIFF with 15% interest accrued annually for amounts due under aforesaid Promissory Note, mentioned in paragraph 13.

15. On or around June 2, 2011 CHAPCHIAN repaid $20,000.00 to PLAINTIFF. He concurrently wrote three post dated checks totaling $3,000.00. To date CHAPCHIAN has only repaid $23,000.00 to PLAINTIFF.

16. To date, PLAINTIFF is still owed $113,398.00 for Defendants breach of Promissory Note mentioned in Paragraph 12.

17. PLAINTIFF has made repeated requests for repayment of money owed per Promissory Note mentioned in Paragraph 12 of the Complaint.

18. On January 11, 2011 CHAPCHIAN executed an assignment of rents securing the note entered into by the parties for a principal sum of $85,000.00 on real property located at 19846 Pacific Coast Highway, Malibu, CA 90265 in favor of plaintiff and her husband Barham Jalili. The assignment of rents was recorded with the Los Angeles County Recorder on February 17, 2011.

19. The Complaint in this matter was filed against CHAPCHIAN, an individual and NAPOLEON BAKERY INC., a California Corporation on September 17, 2012.

20. The property located 19846 Pacific Coast Highway, Malibu, CA 90265 entered into foreclosure and a trustee's sale was held on November 21, 2012. The Malibu property was purchased at the trustee's sale by ACE for $320,602.22. A search of the California Secretary of State database reveals that the address associated with ACE is 170 S. Beverly Dr., Ste. 315, Beverly Hills, CA which is the address of the law office of co-defendant AFAGHI, and that the agent for service of process is Christina Afaghi. Plaintiff is informed and believes, and based on such information and belief hereon alleges that Christina Afaghi is the wife of AFAGHI. AFAGHI is a licensed California attorney who represented CHAPCHIAN and NAPOLEON during this matter until July 15, 2014 when this Court sustained his motion to be relieved as counsel.

21. Plaintiff is informed and believes, and based on such information and belief hereon alleges that CHAPCHIAN intentionally failed to make mortgage payments on the 19846 Pacific Coast Highway, Malibu, CA 90265 property so that it would enter into

12:50:23 p.m. 09-04-2015   6   714 508 7002

SEP/04/2015/FRI 01:21 PM                    FAX No. 714 508 7002              P. 006

foreclosure proceedings and allow AFAGHI to purchase the property and thereby extinguish legitimate creditors' claims.

22. On March 8, 2014 defendant CHAPCHIAN passed away. Plaintiff is informed and believes, and based on such information and belief hereon alleges that no probate case was opened to administer the ESTATE as the fraudulent transfers mentioned in paragraph 21, left CHAPCHIAN insolvent at the time of death.

23. The debts and liabilities incurred by CHAPCHIAN, and herein alleged, were during his marriage to BOGOSLAVSKAYA, and are therefore community debt.

## FIRST CAUSE OF ACTION

### BREACH OF WRITTEN CONTRACT- Plaintiff against BOGOSLAVSKAYA and NAPOLEON

24. Plaintiff incorporates by reference the allegations contained in paragraphs 1-23, and each and every part thereof with the same force and effect as though set out at length herein.

25. Plaintiff has at all times performed the terms of the contract in the manner specified by the contract.

26. Defendants, and each of them, have failed and refused, and continue to refuse, to tender their performance as required by the contract.

27. Defendant's failure and refusal to perform its obligations under the contract has directly damaged PLAINTIFF in the amount of $113,398.00 for principal due to PLAINTIFF and interest accrued from date of execution of contract mentioned in paragraph 12.

//

//

//

## SECOND CAUSE OF ACTION

### MONEY HAD AND RECEIVED (COMMON COUNT) - Plaintiff against BOGOSLAVSKAYA and NAPOLEON

28. Plaintiff incorporates by reference the allegations contained in paragraphs 1-27, and each and every part thereof with the same force and effect as though set out at length herein.

29. Within the past three years Defendants became indebted to plaintiff in the sum of $80,000.00 for money had and received by defendants for their use and benefit.

30. Plaintiff has repeatedly demanded payment from defendant. The last demand was made on August 9, 2012.

31. Since October 20, 2009 interest has accrued at rate of 15% annually.

32. Defendant has paid only the sum of $23,000.00, leaving a balance due of $113,398.00.

33. The contract on which this action is based provides that in the event legal action is taken to enforce collection, the prevailing party is entitled to recover reasonable attorney's fees. Plaintiff believes that the amount of $20,000.00 constitutes a reasonable attorney's fee for prosecution of this action.

## THIRD CAUSE OF ACTION

### MONEY LENT (COMMON COUNT) – Plaintiff against BOGOSLAVSKAYA and NAPOLEON

34. Plaintiff incorporates by reference the allegations contained in paragraphs 1-34, and each and every part thereof with the same force and effect as though set out at length herein.

35. Within the past three years Defendants became indebted to plaintiff in the sum of $80,000.00 for lent to plaintiffs by defendants for their use and benefit.

36. Plaintiff has repeatedly demanded payment from Defendants. The last demand was made on August 9, 2012.

12:50:23 p.m. 09-04-2015    8    714 508 7002

SEP/04/2015/FRI 01:22 PM                              FAX No. 714 508 7002                    P. 008

37. Since October 20, 2009 interest has accrued at rate of 15% annually.

38. Defendants have paid only the sum of $23,000.00, leaving a balance due of $113,398.00.

39. The contract on which this action is based provides that in the event legal action is taken to enforce collection, the prevailing party is entitled to recover reasonable attorney's fees. Plaintiff believes that the amount of $20,000.00 constitutes a reasonable attorney's fee for prosecution of this action.

### FOURTH CAUSE OF ACTION

### MONEY PAID (COMMON COUNT) – Plaintiff against BOGOSLAVSKAYA and NAPOLEON

40. Plaintiff incorporates by reference the allegations contained in paragraphs 1-39, and each and every part thereof with the same force and effect as though set out at length herein.

41. Within the past three years Defendants became indebted to plaintiff in the sum of $80,000.00 for money paid to Defendants from plaintiff at their request.

42. Plaintiff has repeatedly demanded payment from Defendants. The last demand was made on August 9, 2012.

43. Since October 20, 2009 interest has accrued at rate of 15% annually. Defendants have paid only the sum of $23,000.00, leaving a balance due of $113,898.00.

44. The contract on which this action is based provides that in the event legal action is taken to enforce collection, the prevailing party is entitled to recover reasonable attorney's fees. Plaintiff believes that the amount of $20,000.00 constitutes a reasonable attorney's fee for prosecution of this action.

//

//

## FIFTH CAUSE OF ACTION

### FRAUDULENT CONVEYANCES OF REAL PROPERTY PURSUANT TO CAL. CIV. CODE §3439 ET SEQ. -Plaintiff against, BOGOSLAVSKAYA AFAGHI, and ACE

45. Plaintiff incorporates by reference the allegations contained in paragraphs 1-44, and each and every part thereof with the same force and effect as though set out at length herein.

46. CHAPCHIAN made transfers of real property to AFAGHI and ACE for less than reasonable equivalent value, placing the property beyond the reach of plaintiff, creditor, when those properties should have been available for the satisfaction of plaintiffs' legitimate claims.

47. Defendants AFAGHI and ACE, are first transferees pursuant to Cal. Civ. Code §3439.08(b)(1).

48. CHAPCHIAN in transferring the properties acted with intent to hinder, delay, or defraud plaintiff, creditor, and caused harm to plaintiff.

49. CHAPCHIAN became insolvent as a result of the real property transfers to AFAGHI and ACE.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

<u>AS TO THE FIRST, SECOND, THIRD, AND FOURTH CAUSES OF ACTION:</u>

1.  For general, special and compensatory damages in the amount of $113,898.00;

2.  For prejudgment interest;

3.  For costs of suit;

4.  For reasonable attorney's fees;

5.  Such other and further relief as the Court may deem proper.

## AS TO THE FIFTH CAUSE OF ACTION:

1. To cancel or set aside the real property transactions mentioned herein;

2. To void the real property transactions mentioned herein to the extent necessary to satisfy plaintiff's claim;

3. For recovery of the adjusted value of the real properties transferred at the time of transfer;

4. For the amount necessary to satisfy plaintiff's claim;

5. For punitive damages;

6. For such other and further relief as the Court may deem proper.

DATE: June 15, 2015

**LAW OFFICES OF FAUD HAGHIGH**

Faud Haghighi, Esq.
Attorney for Plaintiff,
Atosa Khoddamhazati

SECOND AMENDED COMPLAINT

9

**EXHIBIT #1**

# Promissory Notes

$80,000                                              Dated: Oct 20, 2009

Principal amount: $80,000                            State of: California, USA

FOR VALUES RECEIVED, the undersigned borrower, *Keyvan (Kevin) Chapchian* hereby severally promise to pay to the order of *Arosa Khoddamhazrati or Bahram Jalili* (hereafter "holders") the sum of *Ninety one thousand three hundred ninety eight* Dollars ($91,398). Said sum shall be paid in the manner following:

- Principle only ($80,000) – Shall be paid on Oct 20, 2010
- Interest only ($11,233) – Shall be paid on Oct 20, 2010
- Transaction Fees ($165) - Shall be paid on Oct 20, 2010

This note maybe prepaid, at any time, in whole or in part, without penalty. All prepayments shall be applied in reverse order of maturity.

This note shall at the option of any holder hereof be immediately due and payable upon the failure to make any payment due hereunder withing (*15*) days of its due date.

In the event this note shall be in default, and placed with an attorney for collection, then the undersigned borrower agrees to pay all reasonable attorney fees and costs of collections. Payments not made within (5) days of due dates shall be subject to a late charge of *10%* of said payment. All payments hereunder shall be made to such address as may from time to time be designated by any holder hereof.

The undersigned and all other parties to this note, whether as endorsers, guarantors, or sureties, agree to remain fully bound hereunder until this note shall be fully paid and waive demand, presentment and protest and all notices thereto and further agree to remain bound, notwithstanding any extension, renewal, modification, waiver, or other indulgence by any holder or upon the discharge or release of any obligor hereunder or to this note, or upon the exchange, substitution, or release of any collateral granted as security for this note . No modification or indulgence by any holder hereof shall be binding unless in writing; and any indulgence on any one occasion shall not be an indulgence for any other or future occasions. Any modification or change of terms, hereunder granted by any holder hereof, shall be valid and binding upon the undersigned borrower, notwithstanding the acknowledgement of the undersigned. The rights of any holder hereof shall be cumulative and not necessarily successive. This note shall take effect as a sealed instrument and shall be construed, governed, and enforced in accordance with the laws of the State first appearing at the head of this note. The undersigned borrower hereby executes this note as principal and not sureties.

Signed in the presence of:

_____                              _____
Witness:                                             Borrower:

12:50:23 p.m. 09-04-2015    19    714 506 7002

SEP/04/2015/FRI 01:23 PM                    FAX No. 714 508 7002                P. 013

**EXHIBIT #2**

12:50:23 p.m. 09-04-2015  |  14  |  714 508 7002

SEP/04/2015/FRI 01:24 PM                    FAX No. 714 508 7002                    P. 014

Date: September 7, 2010

Napoleon bakery inc., hereby declare that I owe Mrs. Atosa Khoddamhazrati (hereafter the lender) the amount of $80,000 USD, borrowed on three installments as stated below:

- $10,000 USD borrowed on June 17, 2009 (Through CIBC bank money transfer, ref. 1801992)
- $50,000 USD borrowed on November 20, 2009 (Through CIBC bank money transfer, ref. 1964724)
- $20,000 USD borrowed on January 8, 2010 (Through CIBC bank money transfer, ref. 2014788)

I agree to pay the lender the total of $90,738.28 USD no later than October , 20 , 2010 (hereafter the due date) as detailed below:

| | |
|---|---|
| Principle Money | $80,000.00 USD |
| Accrued interest by the due date based on a 15% interest rate | $10,572.50 USD |
| Bank fees paid for wiring the money | $165.78 USD |
| Total | $90,738.28 USD |

Borrower:                        Signature:                        Date:
Napoleon bakery inc.                                              9-10-10
7356 Melrose Ave.
Los Angeles California, 90046
(310) 678-2000
president : Keyvan chapchian .

Lender:                          Signature:                        Date:
Mrs. Atosa Khoddamhazrati
5 Northtown Way, Apt 1413
Toronto Ontario, M2N 7A1
(416) 224-9462

Witnessed by:                    Signature:                        Date:
Behrouz Jalili                                                    09.10.10
423 North Palm Drive, Apt 309
Beverly Hills, CA 90210
(322) 875-7227