| | |
|---|---|
| JOHN R. SKEELS, Individually and on behalf of all others similarly situated, | 1:21-cv-04161-LDH-PK |
| Plaintiff, | CLASS ACTION |
| v. | |
| PIEDMONT LITHIUM, INC., KEITH D. PHILLIPS, BRUCE CZACHOR and GREGORY SWAN, | |
| Defendants. | |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF TERENCE MOSS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL, AND IN FURTHER OPPOSITION TO THE COMPETING MOTIONS**

00644476;V1

Terence Moss ("Moss") respectfully submits this reply memorandum in further support of his motion for appointment as lead plaintiff and approval of his selection of Bernstein Liebhard LLP ("Bernstein Liebhard") as lead counsel for the proposed class, and in further opposition to the competing motions pending before this Court.

## PRELIMINARY STATEMENT

Moss is the most adequate lead plaintiff in this action, and the opposition memoranda filed by the LaForgias and Ace – the only competing movants remaining – fail to rebut the PSLRA's "strong" presumption in Moss' favor. Both Moss and Ace agree that the financial interest of the movants here must be analyzed under *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). As set forth in Moss' opposition ("Opp."), the necessary *Dura* analysis confirms that Moss' financial interest in this action is $133,669, that Ace's financial interest in this action is $63,660, and that the LaForgias have no financial interest here whatsoever. In addition to having the largest financial interest in this action by a wide margin, Moss has also made the requisite *prima facie* showing of adequacy and typicality under Rule 23. Accordingly, Moss is entitled to the PSLRA's strong presumption of being the most adequate plaintiff to lead the proposed class.

There is no "proof" to rebut the PSLRA's strong presumption in Moss' favor. The LaForgias do not raise any arguments against Moss' adequacy to lead the proposed class. Ace raises only one half-hearted argument against Moss in a footnote that is disingenuous at best and does not bear a moment's scrutiny. Specifically, Ace claims that Moss purportedly did not provide "sufficient information about who [he is] to [show he] possesses a baseline level of financial and legal sophistication sufficient" to serve as lead plaintiff. ECF 29 at 8 n.2. That is false. Moss plainly stated in his opening motion that he "is a retired accountant residing in the United Kingdom with over 40 years of investing experience." ECF 14 at 1. Nothing more is required to make the

requisite *prima facie* showing under Rule 23, and tellingly Ace does not even attempt to identify what information Moss' motion is supposedly lacking. Accordingly, there simply is no proof to rebut the strong presumption in Moss' favor.

The opposition briefs further demonstrate why Moss' motion should be granted and why the competing motions should be denied. First, the LaForgias glaringly ignore that they have no financial interest under *Dura*. *See* ECF 25 at 4. Second, Ace self-servingly urges the Court to apply *Dura* to the LaForgias' losses, but ignores that a *Dura* analysis also wipes out more than 75% of its purchases, cuts its financial interest from $129,087 to $63,660, and increases Moss' financial interest to $133,669. This flagrant omission undermines Ace's motion. Third, Ace also conclusorily asserts that it satisfies Rule 23's typicality and adequacy requirements. That is not the case. As set forth in Moss' opposition, Ace and/or its manager, Afaghi (who signed Ace's PSLRA certification), are plagued by extensive and fatal Rule 23 impediments, including 26 past litigations (13 as plaintiff); a sanction for leaving a deposition and abusing the discovery process; allegations of fraudulent conveyance; allegations of lying under oath; and in 2015 Afaghi stated that he was 72 and in "bad health" when urging a court to expedite his case before his health further "deteriorates". *See* Opp. (ECF 28) at 13-15. These issues subject Ace to extensive and serious unique defenses rendering Ace unfit to serve in a representative capacity for the proposed class.

For all these reasons and those discussed below and in his earlier submissions, Moss has the largest financial interest in this action, satisfies Rule 23, and there is no proof to rebut the strong presumption in favor of appointing him as lead plaintiff. Accordingly, his motion for appointment as lead plaintiff and approval of lead counsel should be granted.[1]

---

[1] Moss' opposition inadvertently stated that the LaForgias bought and sold their Piedmont shares on July 5 and 8, 2021, instead of March 5 and 8, 2021. This minor typographical error does not

**ARGUMENT**

**I.      MOSS IS THE PRESUMPTIVE LEAD PLAINTIFF**

The fact that Moss is the presumptive lead plaintiff in this action has only become clearer since the filing of opposition memoranda.  After analyzing each movant's losses under *Dura* – which Ace agrees is necessary here – Moss suffered the largest financial interest of any qualified movant by a wide margin.  Opp. (ECF 28) at 9.  In fact, Moss' $133,669 in *Dura* losses are more than twice as large as the $63,660 in *Dura* losses sustained by Ace.  Moss also readily satisfies Rule 23, and there is no "proof" to rebut the PSLRA's strong presumption in his favor.  Thus, Moss is the presumptive lead plaintiff and the Court should appoint him and approve his choice of counsel.

In their opposition, the LaForgias simply ignore that they have no financial interest in this action under *Dura*.  Moss explained at length in his opposition why it is imperative that the Court analyze the movants' financial interests under *Dura* and why, when it does, the LaForgias' financial interest drops to zero.  *See* Opp. (ECF 28) at 7, 9.  Tellingly, Ace agrees, also arguing at great length why a *Dura* analysis results in zero financial interest for the LaForgias.  ECF 29 at 1, 3-7.

However, Ace's strenuous *Dura* argument ignores the significant effect *Dura* has on Ace's own financial interest in this action.  Specifically, Ace ignores that a *Dura* analysis wipes over 75% of its Piedmont share purchases (18,000 of 23,000) and cuts its financial interest from $129,087 to $63,600.  Ace also ignores that a *Dura* analysis of Moss' trading increases his loss to $133,069.  *See* Opp. (ECF 28) at 8.  When *Dura* is applied – as Ace concedes the circumstances

---

change Moss' argument, which Ace concurs with (ECF 29 at 1); namely, that the LaForgias have no financial interest after the necessary *Dura* analysis is performed.

here warrant – then it must be applied evenly across the board and not applied selectively and self-servingly.  The outcome of doing so is clear:  Moss' financial interest is more than double that of Ace.[2]

## II.      NO MOVANT CAN REBUT OR HAS REBUTTED THE STRONG PRESUMPTION IN MOSS' FAVOR

Moss readily made a *prima facie* showing of the relevant requirements of Rule 23.  Moss bought Piedmont shares in connection with the same pattern of alleged misstatements and omissions as other class members.  Moreover, Moss suffers from no conflict of interest with other class members and has chosen experienced and qualified counsel to lead the proposed class.  *See* Opp. (ECF 28 at 12).  Moss' significant financial interest will also ensure his vigorous prosecution of the proposed class' claims in this action.

Ace weakly raises one disingenuous argument against Moss' purported adequacy in a footnote, but it does not bear scrutiny.  After noting that "courts around the country have increasingly required individual movants to proffer sufficient information about who they are to enable courts to determine that the movant possesses a baseline level of financial and legal sophistication sufficient to allow them to be an effective fiduciary to the entire class of investors[,]" Ace claims that "Moss…failed to do provide any such information."  ECF 29 at 8 n.2.  That is patently false.  Moss plainly stated in his opening motion that he "is a retired accountant residing in the United Kingdom with over 40 years of investing experience."  ECF 14 at 1.  Moss thus demonstrated an ample "baseline level of financial" sophistication to satisfy the requisite *prima*

---

[2] As noted in Moss' opposition, "[e]ven if the Court was to remove only in-and-out losses (and not in-and-out gains) as part of its *Dura*-adjustment, which it should not do since all pre-disclosure transactions were of artificially inflated shares, Moss' losses ($51,558) would still represent the largest financial interest of any qualified movant before the Court as the LaForgias would still have no compensable losses and Ace would still suffer from a litany of fatal Rule 23 impediments." Opp. (ECF 28) at 8 n.6.

*facie* showing under Rule 23. Nothing more is required to make a *prima facie* showing of adequacy on a lead plaintiff motion, and tellingly Ace has not even attempted to identify what information it claims is supposedly missing from Moss' motion.

Courts have repeatedly found the type of biographical information Moss included with his motion sufficient on lead plaintiff motions. *See, e.g.*, *Patel v. Reata Pharmaceuticals, Inc*., 2021 WL 2983249, at *8 (E.D. Tex. July 15, 2021) ("Francis did provide basic background information about himself. Specifically, in his lead-plaintiff motion, Francis states his place of residence, provides that he has twenty-five years of investing experience, advises that he is college-educated, and enumerates the industries in which he works…. Francis has provided sufficient background information for the Court to make an informed lead-plaintiff determination"); *Robb v. Fitbit Inc*., 2016 WL 2654351, at *5 (N.D. Cal. May 10, 2016) (appointing lead plaintiff movants who provided information about "education, occupations, and investing experience").

In fact, Ace's case citations (ECF 29 at 8 n.2) only underscore that Moss provided sufficient information in his opening motion. In *Perez v. HEXO Corp*., 2020 WL 905753, at *3 (S.D.N.Y. Feb. 25, 2020), recons. denied by *In re HEXO Corp. Sec. Litig.,* 2020 WL 5503634 (S.D.N.Y. Sept. 11, 2020), the court rejected lead plaintiff movant Wong who – unlike Moss here – initially "provided ***no information*** about himself whatsoever, e.g., his investment history, educational background, etc., thereby precluding the necessary inquiry into whether [Wong] has any conflicts with other class members." Wong later put in a declaration, but the court held that "given Wong's failure to provide any information regarding his experience ***in his preliminary motion***, the Court questions whether Wong will meaningfully oversee and control the prosecution of this consolidated class action." *Id*. That is not the case here – Moss included salient information about himself in his initial motion.

Ace's other citation fares no better. In *City of Warren Police & Fire Ret. Sys v. World Wrestling Entm't, Inc*., 2020 WL 2614703, at *3 (S.D.N.Y. May 22, 2020), the court denied the motion of a movant who emphasized that the fact that he was an avid wrestling fan in a case involving a wrestling company boded well for his management of the action. *Id.* at *4 n.3. Here, in contrast, Moss is a retired accountant with many years of investing experience. As a retired accountant with significant investing experience, Moss has familiarity with financial statements and complex business dynamics. Moss is, thus, well-suited to manage a securities litigation.

Since Moss is the movant with the largest financial interest in this action who also satisfies the relevant Rule 23 requirements, he is entitled to the PSLRA's strong presumption, which, as discussed *supra*, has not been rebutted by any competing movant. The Court can end its analysis here and appoint Moss as lead plaintiff as the Court is not supposed to engage in a "beauty contest" among the movants at this point. *See, e.g., In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) (once a court determines which plaintiff has the largest stake, the court must appoint that plaintiff as lead unless it finds that he does not satisfy the typicality or adequacy requirements); *In re Cendant Corp. Litig*., 264 F. 3d 201, 268 (3d Cir. 2001) (once the adequacy "presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class ...").

## III. ACE IS WOEFULLY INADEQUATE UNDER RULE 23

Notwithstanding that Moss is entitled to the PSLRA's strong presumption, and that there is no proof to rebut the presumption in his favor, there are other compelling reasons to deny Ace's motion. Ace conclusorily claims in its opposition that it satisfies Rule 23. *See* ECF 29 at 7 ("Ace Association is completely typical of the class and is not subject to unique defenses"). Ace's claim does not bear analysis. As argued in Moss' opposition, Ace is subject to extensive unique defenses fatally undermining its motion. *See* Opp. (ECF 28) at 13-15. Ace and/or Afaghi (who is an

attorney) are subject to extensive unique defenses under Rule 23 because they have been involved in 26 litigations in the past – and as plaintiff in 13; in one case, Afaghi had to be compelled to attend his deposition and paid sanctions for "abuse of the discovery process"; in the same case, Ace and Afaghi had allegations of fraudulent conveyance brought against them; and it was alleged that Afaghi falsely stated under oath that he was not a party to an action in which he was a defendant. *See* Opp. (ECF 28) at 13-14. In addition, Afaghi stated that in 2015 he was 72 and in "bad health" when urging a court to expedite his case before his health further "deteriorates". *See id*. at 14. This laundry list of troubling facts are a matter of public record and undeniably subject Ace to unique defenses under Rule 23 which Defendants will inevitably exploit at class certification.

Indeed, as noted in Moss' opposition (Opp. (ECF 28 at 14-15)), the issue is not whether the unique defenses concerning Ace's typicality and adequacy will ultimately be successful – the mere fact that Ace is subject to such substantial vulnerabilities strongly militates against appointing Ace to serve as lead plaintiff to represent the interests of other Piedmont investors. *See, e.g., Scott v. N.Y. City Dist. Council of Carpenters Pension Plan*, 224 F.R.D. 353, 357 (S.D.N.Y. 2004) ("a defense unique to a named plaintiff" "can bar a finding of adequacy – even if that defense would not ultimately defeat that particular class representative's claim"). The unique defenses to which Ace is subject fatally undermine its motion for lead plaintiff and should not serve to burden the proposed class here.

In sum, Moss is the presumptive lead plaintiff with the largest financial interest by a wide margin; Moss readily satisfies Rule 23; and Ace's half-hearted argument against Moss' adequacy is meritless.

## CONCLUSION

For the foregoing reasons and those given in his earlier submissions, Moss respectfully requests that this Court: (1) appoint Moss as lead plaintiff in this action, and all subsequently-filed related actions; and (2) approve Moss' selection of Bernstein Liebhard as lead counsel; or (3) alternatively, grant limited discovery into Ace and Afaghi.

Dated: October 12, 2021

Respectfully submitted,

/s/ Laurence J. Hasson
**BERNSTEIN LIEBHARD LLP**
Laurence J. Hasson
Joseph R. Seidman, Jr.
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Email:  lhasson@bernlieb.com
           seidman@bernlieb.com

*Counsel for Moss and Proposed Lead Counsel*
*for the Proposed Class*

# CERTIFICATE OF SERVICE

I, Laurence J. Hasson, hereby certify that on October 12, 2021, a true and correct copy of the annexed **REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF TERENCE MOSS'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL, AND IN FURTHER OPPOSITION TO THE COMPETING MOTIONS** was served in accordance with the Federal Rules of Civil Procedure with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing to all parties with an email address of record who have appeared and consented to electronic service in this action.

Dated: October 12, 2021                          /s/*Laurence J. Hasson*
                                                                    Laurence J. Hasson